Marcia Hofmann (SBN 250087)
Law Office of Marcia Hofmann
25 Taylor Street
San Francisco, CA 94102
Telephone: (415) 830-6664
marcia@marciahofmann.com

D. Victoria Baranetsky (*pro hac vice application pending*)
FREEDOM OF THE PRESS FOUNDATION
601 Van Ness Ave., Suite E731
San Francisco, CA 94102
Telephone: (415) 767-5566
victoriabaranetsky@gmail.com

Attorney for Plaintiff
FREEDOM OF THE PRESS FOUNDATION

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF** |

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the expedited processing and release of records requested from the Department of Justice concerning communications between the Department and members of Congress who sponsored FOIA reform bills introduced in 2014 and 2015.  The requested records concern a matter about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity", and the request was "made by a person primarily engaged in disseminating information."  28 C.F.R. § 16.5(e)(1)(ii); 5 U.S.C. § 552(a)(6)(E)(v)(II).  Therefore, Plaintiff is statutorily entitled to the expedited treatment it seeks.

**PARTIES**

2.      Plaintiff Freedom of the Press Foundation ("FPF") is a non-profit organization established under the laws of the State of California, with its primary office in San Francisco, California.   The organization's mission is to advocate for government transparency and accountability by preserving the rights guaranteed to the press and public under the First Amendment and other laws.  As part of that mission, FPF uses the FOIA to obtain and distribute government records in the public interest.  FPF also educates the public about legislative proposals that promote government transparency and accountability.

3.      Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government.  DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The Office of Legislative Affairs ("OLA") and Office of Information Policy ("OIP") are components of DOJ.

**JURISDICTION**

4.      The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**VENUE AND INTRADISTRICT ASSIGNMENT**

5.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

6.      Assignment to the San Francisco Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is located.

**LEGAL AND FACTUAL BACKGROUND**

**The Freedom of Information Act**

7.      In 1966, Congress passed the Freedom of Information Act, which granted the public a right of access to federal agency records.  The law was first conceived during the Cold War in

response to growing concern over government secrecy and corruption.  When FOIA became law, it was opposed by a number of agencies within the Executive Branch whose activities would be made more transparent to the public through the legislation.  112 CONG. REC. 13007 (1966).  President Johnson signed the law despite the concerns of those agencies, noting that a democracy works best when the public is as informed as possible about the government's activities.  Presidential Statement on Signing the Freedom of Information Act, 1 PUB. PAPERS 316 (July 4, 1966).

8.      In the wake of the Watergate scandal and President Nixon's resignation, Congress amended the FOIA in 1974 to require even greater accountability and transparency from the Executive Branch.  Congress overrode President Ford's veto to the amendments, overcoming Executive Branch opposition to many of the provisions that give FOIA its strength today.

9.      The present-day FOIA ensures that any person—citizen or not—enjoys a broad presumption in favor of access to agency records unless the requested material falls within one of the FOIA's nine narrowly drawn exemptions.  The FOIA is an indispensible tool for journalists, researchers, and the general public to gain access to government information "affecting public policy, consumer safety, the environment, and public health, among other things."  S. REP. NO. 113-287 at 1 (2014).

**Executive Branch Transparency Through the FOIA**
**Declines During the Obama Administration**

10.      On January 21, 2009—his first day in office—President Obama issued a memorandum declaring his Administration's commitment to the FOIA.  Freedom on Information Act: Memorandum for the Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009) ("President's 2009 FOIA Memo").  The President instructed agencies to "adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government."  74 Fed. Reg. 4683.

11.      The Attorney General applied the Administration's policy in a memorandum intended to rescind the Justice Department's Bush-era guidelines.  The guidelines instructed the Department of Justice to defend all agency decisions to withhold information, unless the agency lacked a sound legal basis.  Attorney General Eric Holder, *Memorandum for Heads and Executive*

1    *Departments and Agencies, Subject: Freedom of Information Act* 1-2, March 19, 2009,

2    http://www.justice.gov/ag/foia-memo-march2009.pdf ("Attorney General 2009 FOIA Memo").

3    Instead, the Attorney General's new guidelines "strongly encourage[d]" agencies to disclose

4    documents on a "discretionary" basis, and not withhold information merely because the agency

5    "can demonstrate, as a technical matter, that the records fall within the scope of a FOIA

6    exemption." *Id.*

7           12.    OIP also issued guidance to agencies encouraging them to make discretionary

8    disclosures in response to FOIA requests. *President Obama's FOIA Memorandum and Attorney*

9    *General Holder's FOIA Guidelines: Creating a "New Era of Open Government,"* OIP Guidance

10   (last updated Aug. 21, 2014), http://www.justice.gov/oip/blog/foia-post-2009-creating-new-era-

11   open-government ("OIP Guidance").  OIP noted that discretionary disclosures are most likely to

12   involve material that could be withheld under 5 U.S.C. § 552(b)(5) ("Exemption 5"), which

13   exempts from disclosure information protected by litigation privileges such as the deliberative

14   process privilege, attorney-client privilege, and attorney work product doctrine.  As OIP explained:

> [A] requested record might be a draft, or a memorandum containing a recommendation. Such records might be properly withheld under Exemption 5, but that should not be the end of the review. Rather, the content of that particular draft and that particular memorandum should be reviewed and a determination made as to whether the agency reasonably foresees that disclosing that particular document, given its age, content, and character, would harm an interest protected by Exemption 5. In making these determinations, agencies should keep in mind that mere "speculative or abstract fears" are not a sufficient basis for withholding. Instead, the agency must reasonably foresee that disclosure would cause harm. Moreover, agencies must be mindful of the President's directive that in the face of doubt, openness prevails. . . .
>
> There is no doubt that records protected by Exemption 5 hold the greatest promise for increased discretionary release under the Attorney General's Guidelines. Such releases will be fully consistent with the purpose of the FOIA to make available to the public records which reflect the operations and activities of the government. Records covered by the deliberative process privilege in particular have significant release potential.

*Id.*

13.     Despite President Obama's claim that his is "the most transparent administration in history,"[1] federal agencies have fallen short of the objectives set out in the 2009 FOIA memos and OIP guidance.

14.     For example, backlogs in FOIA requests across all agencies have more than doubled since President Obama took office, increasing from 77,377 in 2009 to 159,741 in 2014.  OIP, *Summary of Annual FOIA Reports for Fiscal Year 2014* at 9 (June 2015) ("*OIP Summary of 2014 Agency FOIA Reports*").[2]

15.     A 2012 test of the Obama Administration's FOIA practices by Bloomberg News found that nineteen of twenty cabinet-level agencies failed to disclose public information within the FOIA's time limits.  Only eight of fifty-seven federal agencies processed Bloomberg's request for documents within the twenty-day timeframe required by law.  Jim Snyder and Danielle Ivory, *Obama Cabinet Flunks Disclosure Test With 19 in 20 Ignoring Law*, BLOOMBERG BUSINESS (Sept. 27, 2012), http://www.bloomberg.com/news/articles/2012-09-28/obama-cabinet-flunks-disclosure-test-with-19-in-20-ignoring-law.

16.     According to a March 2014 audit by the National Security Archive, a non-governmental, non-profit research institute, nearly half of all federal agencies neglected to update their FOIA regulations to comply with 2007 amendments to the law, and fifty-five of 101 agencies failed to adopt the presumption in favor of disclosure as ordered by President Obama.  FOIA AUDIT, THE NATIONAL SECURITY ARCHIVE (2014), *available at* http://nsarchive.gwu.edu/NSAEBB/NSAEBB460/.

17.     Despite the OIP Guidance instructing agencies to make discretionary disclosures especially of material that might be withheld under Exemption 5, that exemption was invoked more than 79,000 times in 2012, which was a forty-one percent increase over the previous year. OPENTHEGOVERNMENT.ORG, SECRECY REPORT 2013 (2013), *available at* http://www.openthegovernment.org/sites/default/files/Secrecy%20Report%202013%20Final.pdf.

---

[1] The White House, *President Obama Participates in a Fireside Hangout on Google+*, YOUTUBE (Feb. 14, 2013), https://youtu.be/kp_zigxMS-Y.

[2] Available at http://www.justice.gov/oip/reports/fy_2014_annual_foia_report_summary/download.

*See also* Sharon Theimer, *Obama's Broken Promise: Federal Agencies Not More Transparent Under Obama Administration*, ASSOCIATED PRESS (May 16, 2010), http://www.huffingtonpost.com/2010/03/16/obamas-broken-promise-fed_n_500526.html.

18.     While the number of FOIA requests increased from 557,825 in 2009 to 714,231 in 2014, full-time government employees assigned to handle them decreased from 4,396 in 2011 to 3,838 in 2014.  *OIP Summary of 2014 Agency FOIA Reports* at 2 & 20.

19.     In 2015, concern about the declining effectiveness of the FOIA prompted the House Oversight and Government Reform Committee to hold hearings about the backlogs of FOIA requests.  At the hearing held in February, Representative Timothy Walberg (D-Mich.) noted that only thirty percent of all FOIA requests resulted in full disclosure in 2013.  Ensuring Government Transparency Through FOIA Reform: Hearing Before the Full House Committee on Oversight and Government Reform, 114th Cong. 39 (2015); *see also* OIP, *Summary of Annual FOIA Reports for Fiscal Year 2013* at 5 (June 2013) (stating 35% of all processed requests in 2013 resulted in full disclosures)[3]; *OIP Summary of 2014 Agency FOIA Reports* at 5 (stating 28% of all processed requests in 2014 resulted in full disclosures).

20.     In his opening statement at a hearing held in June, Representative Jason Chaffetz (R-Utah) stated that since President Obama took office, 550,000 FOIA requests had resulted in agencies raising exemptions to withhold material from the public.  Ensuring Transparency Through The Freedom of Information Act (FOIA): Hearing Before the Full House Committee on Oversight and Government Reform, 114th Cong. (2015) (opening statement of Rep. Jason Chaffetz (R-Utah)).

21.     Representative Chaffetz also noted that standards for FOIA disclosures seem to differ in every agency.  He cited a Syracuse University study that found only seven of twenty-one agencies provided a satisfactory response to the exact same request for records kept by every FOIA office within each agency.  *Id.*; Greg Munno, *Key Agencies Flub Response to Simple Request*, THE FOIA PROJECT (April 24, 2015), http://bit.ly/1DHFlkz.

---

[3] Available at http://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fy2013-annual-report-summary.pdf.

**Proposed FOIA Reform Legislation and**
**Agency Opposition**

22.    In response to the demonstrable decline in the FOIA's effectiveness, Congress has considered amending the FOIA to strengthen the statute and require greater disclosure from Executive Branch agencies.  Despite near unanimous bipartisan support in Congress, the proposed bills were reportedly met with resistance from some agencies, including the DOJ.

23.    In 2014, Representative Darrell Issa (R-Calif.) introduced the FOIA Act (H.R. 1211) in the House, and Senator Patrick Leahy (D-Vt.) introduced the FOIA Improvement Act of 2014 (S. 2520) in the Senate.  These bills would have codified many elements of the President's 2009 FOIA Memo, the Attorney General 2009 Memo, and the OIP Guidance.  For example, the legislation would have required agencies to adopt a presumption of openness when considering the release of information under the FOIA, and would have precluded Exemption 5 withholdings in records more than twenty-five years old.  The legislation also included a balancing test that weighed the public interest in disclosure against the agency's interest in protecting the records in question.

24.    In addition, the bills included language nearly identical to the Attorney General's 2009 guidelines intended to usher in a new era of open government. *Compare, e.g.*, Attorney General 2009 FOIA Memo at 2 ("[T]he Department of Justice will defend a denial of a FOIA request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law") *with* FOIA Improvement Act of 2014 ("An agency shall withhold information under this section only if a) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection or other provision of law; or b) disclosure is prohibited by law").

25.    Support for the FOIA reform legislation was strong in both houses of Congress, with 410 votes for H.R. 1211 in the House and unanimous consent for S. 2520 in the Senate. However, the legislation died in December 2014, when House Speaker John Boehner tabled S. 2520 and closed the final session of the 113th Congress without bringing the bill to a vote.

26.    Reports attributed the death of the FOIA reform legislation to agency opposition,

particularly that of the Justice Department, despite the fact that the Attorney General ordered agencies to follow nearly identical policies in his 2009 FOIA Memo.  *See* Josh Hicks, *How a popular government-transparency bill suddenly died in Congress*, WASHINGTON POST (Dec. 16, 2014), http://wapo.st/1VW2hM9; Sean Nevins, *FOIA Reform: How to Kill A Bill and Get Away With It*, MINT PRESS NEWS (Dec. 29, 2014), http://bit.ly/1Oy7F3N.

27.    Early in 2015, Representatives Darrell Issa (R-Calif.) and Elijah Cummings (D-Md.) introduced the FOIA Oversight and Implementation Act (H.R. 653) in the House, and Senators John Cornyn (R-Texas) and Patrick Leahy (D-Vt.) introduced the FOIA Improvement Act of 2015 (S. 337) in the Senate.

28.    The 2015 bills are similar to the 2014 FOIA legislation, but are not as far-reaching in their reforms.  For example, the 2015 legislation does not require a balancing test to weigh the public interest in disclosure against the agency's interest in protecting records.

29.    According to a February 2015 Senate Judiciary Committee report, the DOJ and National Association of Assistant United States Attorneys contacted Senator Jeff Sessions to express disapproval of the FOIA reform legislation, particularly the provision that would preclude invoking Exemption 5 to withhold material in records more than twenty-five years old.  They claimed that the change to Exemption 5 "could invite defendants and their lawyers to use FOIA as an alternative discovery tool in attempts to re-open closed cases."  S. REP. NO. 114-4, 16 (2015).[4]

30.    That same month, at a hearing before the Subcommittee on Government Operations of the Committee on Oversight and Government Reform, Rep. Elijah Cummings noted that the DOJ, the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, and the Federal Trade Commission had all contacted members of Congress to oppose FOIA reform.  H.R. REP. NO. 114-4 (2015).[5]

31.    In March 2015, the news media again reported agency pushback to the FOIA reform legislation, including opposition by the DOJ.  Kevin Bogardus, *Subtle push against FOIA bill*

---

[4] Available at http://www.judiciary.senate.gov/imo/media/doc/CRPT-114srpt4.pdf.
[5] The hearing transcript is available at http://www.gpo.gov/fdsys/pkg/CHRG-114hhrg94348/html/CHRG-114hhrg94348.htm.

*begins in administrative branch*, E&E PUBLISHING (March 5, 2015), http://www.eenews.net/stories/1060014500.

**Plaintiff's FOIA Requests
and Requests for Expedited Processing**

32.    On July 25, 2014, FPF submitted FOIA requests to DOJ OIP and OLA ("2014 Requests," Nos. OIP/14-03881 and OLA/14-03882) seeking records from January 1, 2014 through July 24, 2014 concerning agency communications with offices of certain members of Congress about the then-pending 2014 FOIA reform legislation.

33.    On August 21, 2014, OIP acknowledged receipt of FPF's 2014 Requests.

34.    On September 22, 2014, FPF emailed OIP to inquire about an estimated date for completion of processing of the 2014 Requests.

35.    On September 26, 2014, OIP emailed FPF to say that the agency had granted expedited processing for the 2014 requests. OIP also stated that the DOJ's searches for responsive records were incomplete and it could not provide a timetable for completion of processing.

36.    Three months later, on December 16, 2014, FPF emailed OIP to request an update on the processing of the 2014 Requests.

37.    On December 19, 2014, OIP informed FPF via email that the searches were still incomplete and stated that DOJ would be in contact once there was a substantive update.

38.    DOJ did not subsequently provide FPF with a further update about the status of the 2014 Requests.

39.    Following the newly proposed FOIA reform bills of 2015, FPF updated the 2014 Requests. In a single letter dated April 3, 2015, FPF once again requested all agency records from January 1, 2014 to April 3, 2015 exchanged between officials of the Justice Department and members of Congress about the Freedom of Information Act reform legislation ("2015 Requests," Nos. OLA/15-02927 and OIP/15-02926 (F)).[6]

---

[6] At the same time, FPF submitted nearly identical requests to the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, Environmental Protection Agency, and the Federal Trade Commission, all of which were named by a member of Congress as giving pushback. FPF has received final responses and some documents from three of these agencies.

40.     In the 2015 Requests, FPF asked that the processing of the records be expedited pursuant to the FOIA and DOJ regulations.

41.     By letter dated April 21, 2015, DOJ acknowledged the receipt of FPF's 2015 Requests and granted expedited processing.

42.     On May 26, 2015, after the FOIA's statutory time limits had expired, FPF appealed DOJ's constructive denial of the 2014 and 2015 Requests.

43.     By four separate letters dated July 2, 2015, DOJ acknowledged receipt of FPF's administrative appeal of the requests.

44.     By letter dated August 10, 2015, OIP informed FPF that the appeals would not be processed because the 2014 and 2015 Requests were still being processed and no final determinations had yet been made by the agency.  OIP stated that if FPF was ultimately dissatisfied with the final responses, another appeal could be submitted at a future date.

45.     On August 11, 2015, FPF called DOJ to seek an estimated date of completion for the 2014 and 2015 Requests.

46.     On August 12, 2015, OIP informed FPF by email that a response would likely not be issued before February 2016 for OIP/15-02926 (F).

47.     On August 14, 2015, FPF emailed OIP to confirm that February 2016 was the projected response date for the 2014 and 2015 Requests.  FPF expressed concern over the delayed release and asked whether DOJ could expedite the process in any other way.

48.     On August 16, 2015, OIP confirmed that expedited processing had been granted for the 2015 Requests and that the 2014 Requests "essentially" had been granted expedited processing, but no further expedition could be made.

49.     To date, DOJ has made no final determination on FPF's requests.

50.     DOJ has not only failed to expedite the processing of FPF's requests, but has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

51.     FPF has exhausted all applicable administrative remedies.

52.     DOJ has wrongfully withheld the requested records from FPF.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

53.    Plaintiff repeats and realleges paragraphs 1-52.

54.    DOJ has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of Plaintiff's FOIA requests.

55.    Plaintiff has exhausted the applicable administrative remedies with respect to DOJ's wrongful withholding of the requested records.

56.    Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.    Order Defendant DOJ to process immediately the requested records in their entirety;

B.    Order Defendant DOJ, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C.    Provide for expeditious proceedings in this action;

D.    Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

E.    Grant such other relief as the Court may deem just and proper.


DATED:  December 14, 2015          By   /s/  Marcia Hofmann
                                    Marcia Hofmann
                                    Law Office of Marcia Hofmann
                                    25 Taylor Street
                                    San Francisco, CA 94102
                                    Telephone: (415) 830-6664

                                    D. Victoria Baranetsky *(pro hac vice pending)*
                                    601 Van Ness Ave.
                                    Suite E731
                                    San Francisco, CA 94102
                                    Telephone: (415) 767-5566

                                    Attorneys for Plaintiff
                                    FREEDOM OF THE PRESS FOUNDATION